UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#18 (12/23 hrg off)

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-1374 PSG (SHKx) | Date | December 20, 2019 |
|---|---|---|---|
| Title | Marggieh Dicarlo v. Moneylion, Inc., et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**   Order GRANTING Defendants' motion to compel arbitration

Before the Court is Defendants MoneyLion, Inc., MoneyLion of California LLC, ML Plus LLC, and ML Wealth, LLC's ("Defendants") motion to compel arbitration. *See* Dkt. # 18 ("*Mot.*"). Plaintiff Marggieh Dicarlo ("Plaintiff") opposes the motion, *see* Dkt. # 22 ("*Opp.*"), and Defendants replied, *see* Dkt. # 31 ("*Reply*").[1] The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving papers, the Court **GRANTS** Defendants' motion.

I.   Background

Defendants operate a consumer-focused financial services application called MoneyLion. *First Amended Complaint*, Dkt # 17 ("*FAC*"), ¶ 1. They offer a free version and a paid-for premium version of the app. *Id.* ¶ 60. Plaintiff signed up for the premium version and in July 2018 borrowed a $500 "Credit Builder Loan." *Id.* ¶ 32.

As both a condition of becoming a premium member and obtaining the loan, Plaintiff entered into an arbitration agreement. *Id.* ¶ 121. The Disputes Agreement ("Agreement") includes an arbitration provision that states it "shall be governed by the FAA." *Arbitration Agreement*, Dkt. # 17-4 ("*Agreement*"), § 9. It covers claims "that seek relief of any type, including damages and/or injunctive, declaratory or other equitable relief." *Id.* at 2. Pertinent here, the Agreement bars individuals from engaging in "class actions or similar proceedings":

---

[1] Plaintiff also filed an ex parte application for leave to file a surreply to Defendants' reply. *See* Dkt. # 33. Because the subject of the surreply is not dispositive of any issue on this motion, and the Court need not consider its arguments, Plaintiff's ex parte application is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-1374 PSG (SHKx) | Date | December 20, 2019 |
|---|---|---|---|
| Title | Marggieh Dicarlo v. Moneylion, Inc., et al. | | |

> IF YOU OR WE ELECT TO ARBITRATE A CLAIM, NEITHER YOU NOR WE WILL HAVE THE RIGHT TO: (A) HAVE A COURT OR A JURY DECIDE THE CLAIM; (B) OBTAIN INFORMATION PRIOR TO THE HEARING TO THE SAME EXTENT THAT YOU OR WE COULD IN COURT; (C) PARTICIPATE IN A CLASS ACTION IN COURT OR IN ARBITRATION, EITHER AS A CLASS REPRESENTATIVE, CLASS MEMBER OR CLASS OPPONENT; (D) ACT AS A PRIVATE ATTORNEY GENERAL IN COURT OR IN ARBITRATION; OR (E) JOIN OR CONSOLIDATE CLAIM(S) INVOLVING YOU WITH CLAIMS INVOLVING ANY OTHER PERSON. THE RIGHT TO APPEAL IS MORE LIMITED IN ARBITRATION THAN IN COURT. OTHER RIGHTS THAT YOU WOULD HAVE IF YOU WENT TO COURT MAY ALSO NOT BE AVAILABLE IN ARBITRATION.

*Id.* § 5.

Of further relevance, the Agreement empowers the arbitrator "to award all remedies available in an individual lawsuit under applicable substantive law, including, without limitation, compensatory, statutory and punitive damages (which shall be governed by the constitutional standards applicable in judicial proceedings), declaratory, injunctive and other equitable relief, and attorneys' fees and costs." *Id.* § 9.

The crux of Plaintiff's action is that Defendants have adopted a "deceptive and illegal fee-based revenue model." *Opp.* 2:3–4. In her case, Plaintiff alleges that despite paying approximately $300 toward her loan with a facially low interest rate, she now owes almost $1000. *See FAC* ¶ 57. On July 25, 2019, Plaintiff filed a putative class action complaint in Court. *See Complaint*, Dkt. # 1 ("*Compl.*"). Plaintiff then amended her complaint and currently alleges seven causes of action:

> First Cause of Action: Restitution and Private Injunctive Relief for Violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq. *FAC* ¶¶ 128–39.
>
> Second Cause of Action: Public Injunctive Relief for Violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq. *Id.* ¶¶ 140–48.
>
> Third Cause of Action: Damages and Private Injunctive Relief for Violation of California's Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 et seq. *Id.* ¶¶ 149–62.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-1374 PSG (SHKx) | Date | December 20, 2019 |
|---|---|---|---|
| Title | Marggieh Dicarlo v. Moneylion, Inc., et al. | | |

Fourth Cause of Action: Public Injunctive Relief for Violation of California's Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 et seq. *Id.* ¶¶ 163–71.

Fifth Cause of Action: Violation of California's Anti-Usury Laws, Cal. Const. art. XV, § 1 and Cal. Civ. Code § 1916-2. *Id.* ¶¶ 172–80.

Sixth Cause of Action: Violation of the Truth in Lending Act and Regulation Z. *Id.* ¶¶ 181–87.

Seventh Cause of Action: Public Injunctive Relief for Violations of California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 et seq. *Id.* ¶¶ 163–71.

Plaintiff also states that she seeks public injunctive relief in her prayer for relief. *See id.* 48:14–16. Defendant now moves to compel arbitration and dismiss the action. *See generally Mot.*

II.     Legal Standard

"The 'principal purpose' of the FAA [Federal Arbitration Act] is to 'ensur[e] that private arbitration agreements are enforced according to their terms.'" *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) (quoting *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989)). The FAA states that written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

The FAA allows "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration [to] petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." *Id.* § 4. "Because the FAA mandates that 'district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed[,]' the FAA limits courts' involvement to 'determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.'" *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) (quoting *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)) (emphasis in original). When deciding whether a valid arbitration agreement exists, courts generally apply "ordinary state-law principles that govern the formation of contracts." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-1374 PSG (SHKx) | Date | December 20, 2019 |
|---|---|---|---|
| Title | Marggieh Dicarlo v. Moneylion, Inc., et al. | | |

(1995). Any doubts about the scope of arbitrable issues must be resolved in favor of arbitration. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983).

If an arbitration agreement exists and covers the dispute at issue, section 4 of the FAA "requires courts to compel arbitration in accordance with the terms of the agreement." *Concepcion*, 563 U.S. at 344 (internal quotation marks omitted).

III.   Discussion

Defendants present two arguments for why the Court should compel arbitration. First, because the arbitration agreement does not bar public injunctive relief, California law does not prohibit enforcement of the arbitration agreement. *See Mot.* 9:1–14. Second, Plaintiff is not seeking a public injunction, and thus California law does not provide a basis for avoiding arbitration. *See id.* 14–16. Because the Court finds that the Agreement does not bar public injunctive relief, and thus arbitration is appropriate, it does not address the parties' arguments about whether Plaintiff seeks a public injunction.[2]

In *McGill v. Citibank N.A.*, the California Supreme Court held that arbitration provisions are invalid and unenforceable if they waive a plaintiff's statutory right to seek public injunctive relief in any forum. 2 Cal. 5th 945 (2017). The *McGill* plaintiff brought claims under the CLRA, UCL, and false advertising laws, and sought an injunction prohibiting the defendant from continuing to engage in its allegedly illegal and deceptive practices. *Id.* at 952. The agreement stated that "the arbitrator may award relief only on an individual (non-class, non-representative) basis" and that "[t]he arbitrator will not award relief for or against anyone who is not a party." *Id.* The defendant sought to compel arbitration, and the Court held that the arbitration provision was unenforceable because it waived the plaintiff's right to seek public injunctive relief under these statutes in any forum. *Id.* at 954. The Court also explained that public injunctive relief claims are individual rather than representative actions and can thus go to arbitration despite a representative action waiver. *Id.* at 959–61.[3]

---

[2] Plaintiff does not contest the validity of the Agreement on any grounds other than that it prevents public injunctive relief claims, which, if found invalid, would render the entire Agreement invalid pursuant to its poison pill provision. *See Opp.* 1:1–8.

[3] Recently, the Ninth Circuit held in *Blair v. Rent-A-Center, Inc.* that the "*McGill* rule" is a contract defense that is not preempted by the FAA. 928 F.3d 819, 830–31 (9th Cir. 2019).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-1374 PSG (SHKx) | Date | December 20, 2019 |
|---|---|---|---|
| Title | Marggieh Dicarlo v. Moneylion, Inc., et al. | | |

Post-*McGill*, several district courts have interpreted agreements that allow an arbitrator to award all remedies as compliant with the *McGill* rule, even if the agreement limits arbitration to individual claims. *See, e.g.*, *Gonzalez-Torres v. Zumper, Inc.*, No. 19-CV-02183-PJH, 2019 WL 6465283, at *8 (N.D. Cal. Dec. 2, 2019). For example, in *Gonzalez-Torres*, the plaintiff signed an arbitration agreement that empowered the arbitrator to "issue any and all remedies authorized by law." *Id.* As part of the agreement, the plaintiff had to adjudicate his claim on an individual basis and waived his right to bring any claim in a class action, on an aggregated basis, or as a private attorney general. *Id.* The court held that this language did not run afoul of *McGill* because "[a]lthough a plaintiff may not assert claims on behalf of a class in arbitration, the [a]greement does not prohibit plaintiff from being awarded public injunctive relief as a remedy for his individually-asserted claims in arbitration." *Id.*; *see also Magana v. DoorDash, Inc.*, 343 F. Supp. 3d 891, 901 (N.D. Cal. 2018) (holding an arbitration agreement with an "all remedies" provision and a representative action wavier compliant with *McGill*); *Rivera v. Uniqlo Cal., LLC*, No. LACV 17-02848 JAK JPRX, 2017 WL 6539016, at *15 (C.D. Cal. Sept. 8, 2017) (same).

Akin to these other courts, the Court finds that the language of the Agreement does not bar public injunctive relief. The Agreement explicitly allows the arbitrator to award "all remedies available in an individual lawsuit." *Agreement* § 9. The language here mirrors the language in *Gonzalez-Torres* and other cases where courts have held that these agreements comply with *McGill*. *See Gonzalez-Torres*, 2019 WL 6465283, at *8. As the California Supreme Court explained in *McGill*, "a request for [public injunctive] relief does not constitute the pursuit of representative claims or relief on behalf of others"; instead, these claims are suitable for individual actions. *See McGill*, 2 Cal. 5th at 959–60. Because the Agreement does not bar Plaintiff from an arbitration award of public injunctive relief for her individual claims, the Agreement is valid. *See Gonzalez-Torres*, 2019 WL 6465283, at *8.

Plaintiff relies heavily on *Speedy Cash* to argue that the Agreement's language bars public injunctive relief, but that case did not reach this issue. *See Delisle v. Speedy Cash*, No. 3:18-CV-2042-GPC-RBB, 2019 WL 2423090, at *1 (S.D. Cal. June 10, 2019). There, the defendant moved to compel arbitration based on two arguments: that the plaintiff did not claim public injunctive relief, and that the FAA preempts *McGill*. *Id.* at *2. Although the agreement in *Speedy Cash* had an "all remedies" provision and only allowed for individual claims, unlike Defendant here, the defendant there argued that this language prohibited public injunctive relief in arbitration. *See id.* at *7. The court merely noted that the parties agreed on this point and moved on without further analyzing these provisions. *See id.* at *7 n.1. Accordingly, this case is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-1374 PSG (SHKx) | Date | December 20, 2019 |
|---|---|---|---|
| Title | Marggieh Dicarlo v. Moneylion, Inc., et al. | | |

inapplicable here, where the parties actually dispute whether public injunctive relief is available in arbitration.

Lastly, Plaintiff's argument that the private attorney general waiver functionally bars public injunctive relief claims also fails. *See Opp.* 10–17. Plaintiff contends that a party acts as a private attorney general when it seeks public injunctive relief. *See id.* 10:2–3. The Court first notes that Plaintiff does not bring any claims pursuant to the Private Attorneys General Act ("PAGA"), Cal. Lab. Code §§ 2698 et seq. *See generally Compl.* But, even if the Court accepts Plaintiff's argument, Plaintiff fails to explain how needing to bring individual claims necessarily bars her from seeking public injunctive relief. To the contrary and as explained above, the California Supreme Court held in *McGill* that public injunctive relief claims are individual in nature, not representative.[4] *See McGill*, 2 Cal. 5th at 959 (concluding that an individual requesting public injunctive relief "is filing the lawsuit or action on his or her own behalf, not on behalf of the general public") (cleaned up). Therefore, Plaintiff's argument has no bearing on whether she may bring a public injunctive relief claim on her own behalf in arbitration.

Ultimately, the Court holds that the Agreement does not bar public injunctive relief claims, and thus **GRANTS** Defendants' motion to compel.

Defendants request that the Court dismiss the action. *See Mot.* 16:14. Because "the entirety of [Plaintiff's] claim is subject to arbitration," it is appropriate to dismiss the case rather than to stay it pending the outcome of the arbitration. *See Sunvalley Solar, Inc. v. China Elec. Equip. Grp. Corp.*, No. CV15-5099 PSG (JPRx), 2015 WL 13546433, at *5 (C.D. Cal. Oct. 29, 2015), *aff'd sub nom. Sunvalley Solar, Inc. v. CEEG (Shanghai) Solar Sci. & Tech. Co.*, 690 F. App'x 942 (9th Cir. 2017); *see also Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (determining that dismissal was appropriate where "plaintiffs could not possibly win relief" because all of their claims were subject to arbitration agreement and the FAA does "not limit the court's authority to grant a dismissal"). Therefore, because all of Plaintiff's causes of

---

[4] Further, Plaintiff relies on two cases, *Broughton v. Cigna Healthplans*, 21 Cal. 4th 1066 (1999) and *Cruz v. PacifiCare Health Systems*, Inc., 30 Cal. 4th 303 (2003), that use the term "private attorney general" as it existed before California voters passed Proposition 64 in 2004. *See Opp.* 10:12–11:6. As the California Supreme Court notes in *McGill*, the meaning of private attorney general changed after Proposition 64, which banned the "filing of lawsuits by private attorneys on behalf of the general public" because they were seen as an abuse of the unfair competition law. *See McGill*, 2 Cal. 5th at 959 (cleaned up).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-1374 PSG (SHKx) | Date | December 20, 2019 |
|---|---|---|---|
| Title | Marggieh Dicarlo v. Moneylion, Inc., et al. | | |

action are subject to the Agreement, dismissal of her claims is the appropriate outcome in this case.

IV.     Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' motion to compel individual arbitration and **DISMISSES** this action without prejudice.

**IT IS SO ORDERED.**